# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-11186
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES GLEN LESTER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CR-33-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Glen Lester pleaded guilty conditionally to possession with intent to distribute methamphetamine and possession of firearms in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841, and 18 U.S.C. § 924. He now appeals the district court's denial of his motion to suppress evidence. Finding no error, we affirm.

On appeal, Lester argues that the district court erred in applying the good-faith exception to deny his motion to suppress. Lester contends that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exception should not have applied because Officer Rodney Smith omitted from the affidavit information about the confidential informant's (CI) drug use and criminal history, and that the magistrate judge would not have found probable cause had the information been included. Lester also argues that the good faith exception is inapplicable because the affidavit was "bare bones."

We review the district court's factual findings for clear error, and its legal conclusions de novo. *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999) We employ a two-step analysis when reviewing the denial of a motion to suppress evidence discovered pursuant to a search warrant. *Id*. at 407. We look first to whether the good-faith exception to the exclusionary rule applies, and if not, we then determine whether the issuing magistrate had a substantial basis for finding probable cause. *Id*. The good-faith exception does not apply if the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or if the underlying affidavit is "bare bones," i.e., so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks omitted).

We are satisfied that the good-faith exception applies. The affidavit contained specific information from the CI indicating that he had been in Lester's apartment within the past 48 hours and had seen Lester possess an off-white substance, which Lester purported to be methamphetamine and the CI believed to be methamphetamine. The affidavit also stated that the CI had previously provided information about drug-related criminal activity that had always proven correct and that led to three arrests. The affiant explained that he did not believe that the omitted information was relevant to probable cause and was concerned it could identify the CI. On these facts, we find no error in the determination that probable cause would not have been destroyed if information about the CI's drug use and criminal history had been included in

the affidavit, and that the affiant did not intentionally omit the information to mislead the magistrate judge. *See Mays*, 466 F.3d at 343. In addition, the affidavit contained sufficient indicia of reliability warranting reliance by a reasonable officer; it was not "bare bones." *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992).

In light of the foregoing, the judgment of the district court is AFFIRMED.